Clyde B. Kaylor and Arthur L. McDonald, Petitioners-Appellants, v. Ralph S. Bradley, Director, Department of Agriculture of Illinois, Maude Myers, Director, Department of Personnel of Illinois, Michael J. Howlett, Auditor of Public Accounts of Illinois, and Francis S. Lorenz, State Treasurer of Illinois, Defendants-Appellees.

Gen. No. 10,438.

Third District.
September 10, 1963.

Giffin, Winning, Linder & Newkirk, of Springfield (James M. Drake, of counsel), for appellants.

William G. Clark, State's Attorney General, of Chicago (William C. Wines and Edward A. Berman, Assistant State's Attorneys General, of counsel), for appellees.

ROETH, JUSTICE.

Plaintiffs filed a petition for mandamus in the Circuit Court of Sangamon County to compel their reinstatement to their positions with the Department of Agriculture, of Foods, Dairies and Standards Inspectors II. A motion to strike the complaint and dismiss the action was filed by the Attorney General on behalf of the defendants. This motion was sustained by the trial court, and no application for leave to file an amended petition having been made, final judgment in bar was entered. The only question before us involves the sufficiency of the petition to state a cause of action.

The complaint in substance alleges that prior to 1960 plaintiffs were employed by the Department of Agriculture as Foods, Dairies and Standards Inspectors I; that on July 8, 1960, the Department of Personnel conducted an open competitive examination for the position of Foods, Dairies and Standards Inspector II, which plaintiffs took and passed; that thereafter on August 16, 1960, the Director of the Department of Agriculture appointed each of the plaintiffs to the position of Foods, Dairies and Standards Inspector II. The petition further alleges that on February 10, 1961, plaintiffs were discharged by the Director of the Department of Agriculture with the approval of the Director of the Department of Personnel. Paragraphs 18 and 19 of the petition are as follows:

"18. That the General Assembly has authorized the Department of Personnel of Illinois to make rules pertaining to annual leave, pursuant

146

to Section 8C of the Personnel Code (Ill Rev Stats, 1959, Chap 127, Par 63b 108c); that accordingly, the Department of Personnel of Illinois has promulgated Rule 12 pertaining to 'Vacation'; that said rule provides that employees with less than 10 years continuous service shall be allowed vacation at the rate of one week for each 6 months of continuous service in the previous 12 month period; that employees are allowed to carry over from the 12 month period in which the vacation is allowed any vacation time which has not been used, such unused time to be carried over for only one additional 12 month period; that each of the petitioners was entitled to 2 weeks vacation for the year 1960 and for the year 1961; that said vacation time was vested in the petitioners and that they cannot be deprived of such vacation time.

"19. That petitioners are entitled to said 4 weeks accumulated vacation time which, when added to their service during Probationary Period, before discharge, would be more than enough to complete their respective Probationary Periods."

While the applicable rule is not set out in the complaint, it is agreed that the probationary period of plaintiffs was 6 months which began to run on August 16, 1960. Thus it appears that plaintiffs were discharged 5 days before the end of the 6 months probationary period.

Plaintiff's position is that pursuant to Rule 12 of the Department, they earned a two weeks vacation for continuous service in 1960, which they can tack on to the time actually served as Foods, Dairies and Standards Inspectors II from August 16, 1960, and that when so tacked on they had completed their probationary period on February 10, 1961, so that they

could not be discharged except for cause. This contention is novel, to say the least, and no authority is cited to sustain it.

The purpose of a probationary period is to give an opportunity to sift out employees not fit or suited to their employment. By the very nature of things, this would contemplate an opportunity on the part of the appointing official to observe the employee while *actively at work* during the entire period in order to determine whether he is capable of promoting the good of the public service. To sustain the contention of plaintiffs would effectively thwart this principle. Our attention is called to Rule 6.6 of the Director of Personnel which lends support to our analysis of the question. This rule provides:

> "If a leave of absence is granted during a probationary period, the period shall be lengthened by an amount of time equal to the leave of absence."

Accordingly we are of the opinion that the petition for mandamus did not state a cause of action and the trial court did not err in entering judgment for defendants. The judgment of the Circuit Court of Sangamon County will be affirmed.

Affirmed.

REYNOLDS, PJ and CARROLL, J, concur.