MARK POTRATZ, Plaintiff-Appellant, v. THE DEPARTMENT OF LAW ENFORCEMENT *et al.*, Defendants-Appellees.

Fourth District   No. 4—86—0415

Opinion filed April 13, 1987.

Kennith W. Blan, Jr., and Leslie Kvale Ross, of Danville, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Nancy Albert-Goldberg, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE KNECHT delivered the opinion of the court:

The circuit court of Vermilion County dismissed plaintiff's, Mark Potratz, complaint for administrative review against defendants, State of Illinois Department of Law Enforcement (Department), James B. Zagel, Captain Gordon Cleland, Superintendent L. A. Nargelenas, Deputy Superintendent William Pierce and Certain Unknown Defendants making up the Special F.T.O. Review Board. The complaint alleged he was discharged from the Department in violation of section 14 of "An Act in relation to the State Police" (Act) (Ill. Rev. Stat. 1983, ch. 121, par. 307.14) and was denied due process of law. Defendants' motion to dismiss the complaint asserted plaintiff lacked standing to bring his claim because as a probationary police officer he had no rights under section 14 and, therefore, failed to state a claim upon which relief could be granted. The trial court found plaintiff was not a tenured police officer at the time he was discharged and then granted the motion to dismiss the complaint. The trial court adopted defendants' reasoning that plaintiff was a probationary employee with no rights under section 14 and, therefore, he could not seek administrative review of his discharge. Plaintiff filed a timely appeal and we affirm.

By letter of April 3, 1984, plaintiff was notified of his certification for an appointment as an officer trainee with a probationary status of one year. The letter directed him to report to the Department academy on the afternoon of Sunday, April 15, 1984, and his salary and required duties would commence on Monday, April 16, 1984. On March 29, 1985, plaintiff was suspended and relieved of his duties. On April 9, 1985, defendant was terminated by written notice from Director Zagel.

All Department appointees serve a probationary period of 12 months from the date of their appointment, and during that period they may be discharged at the will of the director as provided by section 9 of the Act. (Ill. Rev. Stat. 1983, ch. 121, par. 307.9.) After the probationary period, discharge of Department officers is governed by section 14 of the Act (Ill. Rev. Stat. 1983, ch. 121, par. 307.14), which provides that dismissal may only be for cause after a hearing before the Department's Merit Board. That section also provides for judicial review of the Board's orders pursuant to the Administrative Review Law. (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) The question presented to the trial court was whether plaintiff was still a probationary officer at the time of his discharge.

Plaintiff contends his 12-month probationary period began on April 3, 1984, the date of the letter written by Director Zagel notifying him of his appointment. Plaintiff asserts his probationary period ended at the close of business on April 2, 1985, making his discharge on April 9,

1985, without a hearing a violation of section 14 and a denial of due process in the deprivation of his property interest in continued public employment.

While there is a dearth of case law on this point, common sense suggests several problems with plaintiff's position. Starting a probationary period on the date the appointment notification letter is written does not take into account any number of circumstances which could cause a significant delay in the appointee's receipt of the correspondence. Using plaintiff's reasoning, the appointment would have begun unbeknownst to the appointee. In addition, prior to April 16, 1984, neither plaintiff nor defendants had any obligations to each other for either service as a police trainee or payment of salary or benefits to a trainee, respectively.

The April 3, 1984, letter of appointment uses the words "I hereby appoint you," but it is clear the appointment is to take effect on April 16, 1984, when academy classes and plaintiff's salary both were to begin and not on the date the letter was written. This court has previously discussed the purpose of a probationary period of employment in *Kaylor v. Bradley* (1963), 43 Ill. App. 2d 145, 148, 193 N.E.2d 103, 104. There it was explained:

> "The purpose of a probationary period is to give an opportunity to sift out employees not fit or suited to their employment. By the very nature of things, this would contemplate an opportunity on the part of the appointing official to observe the employee while *actively at work* during the entire period in order to determine whether he is capable of promoting the good of public service." (Emphasis in original.)

In order to effectuate the purpose of probationary employment, it must begin when actual work by an employee begins. Here, plaintiff's work began when his instruction at the Department academy began.

The facts concerning applicable dates were not in dispute, so the question of the beginning of plaintiff's probationary employment period was solely one of law.

Plaintiff's term of employment began on April 16, 1984. At the time of his discharge on April 9, 1985, he was still a probationary officer. Therefore, he had no rights under section 14 and could not seek administrative review of his discharge. The trial court's determination was correct, and the motion to dismiss was properly granted. We affirm.

Affirmed.

SPITZ, P.J., and GREEN, J., concur.